## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | **Case No. 10-10330** |
| **BAYSIDE CAPITAL, LLC D/B/A** | § | |
| **BAY VIEW CAPITAL, LLC** | § | **Chapter 11** |
| **And** | § | **(Motion for Joint Administration** |
| **CORNERSTONE AT GLENDALE, LLC,** | | **Pending)** |
| Debtors. | | |

### DEBTOR'S MOTION PURSUANT TO BANKRUPTCY RULES 1007(c) AND 2002(d) FOR AN EXTENSION OF TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS

COMES NOW Cornerstone at Glendale, LLC, one of the above-captioned debtors and debtors in possession (the "Debtor") and files this Debtor's Motion Pursuant to Bankruptcy Rules 1007(c) and 2002(d) for an Extension of Time to File Schedules of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs (the "Motion"). In support of this Motion, the Debtors state as follows:

### I.    JURISDICTION AND VENUE

1.     This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.     The statutory predicates for the relief sought herein are Rules 1007, 2002, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules").

## II.   BACKGROUND

3.      Cornerstone at Glendale, LLC ("Cornerstone") is an Arizona limited liability company having its principal, or most valuable, assets in the Town of South Padre Island, TX in conjunction with its Affiliates Bayside Capital, LLC ("Bayside") and South Padre Royal Palms, LLC ("SPRP").  Both Bayside and SPRP have filed Chapter 11 proceedings in this Court.   A Motion for Joint Administration is pending to jointly administer the Cornerstone and Bayside cases.

**Texas Assets**:  The original concept of Cornerstone's investments in the Texas assets was as a result of its affiliate relationship with Bayside.  Both Bayside and Cornerstone were managed, prior to the Chapter 11 cases, under management contract with Apex Properties Solutions, LLC toward a unified concept of (i)  development of Bayside's master plan;  and  (ii) development of SPRP's property as a condominium component of the Bayside master plan. [*See*, Bayside first day filings Proffer of Thomas Layton for the details of the Bayside master plan]. Bayside's and Cornerstone's reorganizations are literally "joined at the hip" as a result of Cornerstone's ownership of its Texas assets.  Cornerstone owns the two streets (Whiting and Amberjack) that cause the Bayside assets (properties) to qualify its master plan as a result of owning or controlling the contiguous land in excess of 5.0 acres.   Although the streets are combines less than .46 acres combined, they control whether or not the 5 acres of Bayside are contiguous.   Each street each has a very valuable and expensive-to-acquire boat ram access to the Laguna Madre.  In order to have a marina and lease to the General Land office of Texas, a developer must own the land contiguous to the bay – otherwise it is public property.

The Texas assets are subject to a lien and cross collateralization to First National Bank of Edinburg, in an amount of approximately $1.8+ million that was posted for foreclosure on June 1, 2010.

**Hawaii Condominium**:  Cornerstone also has a condominium in Hawaii value at $1.9 million now listed for sale with an expected equity of $500,000.00 above all lien claims on this asset.   This is not an operational or principal asset but will contribute consider cash flow to Cornerstone required for its reorganization.

The Hawaii asset is subject to a lien that has initiated foreclosure proceedings for default in payment of approximately $4,000.00 of taxes.

Cornerstone also owns the following land in Colorado:

**"Top of the World":**  This is a retreat and conference center, located in Pagosa Springs Colorado, consisting of the main conference center (approximately 6,200 sq. ft.) located on 78 acres which is in the final stages for entitlement with the City of Pagosa Springs for subdivision lots.   The value of the 78 acres will be significantly enhanced once this entitlement is obtained. The retreat has only accommodation for guest to occupy only six bedrooms and thus is limited to day stays for larger groups than six rooms will accommodate.   There are substantial furniture, fixtures, and personal property located in and used with the retreat.

Top of the World real property and improvements are valued at less than $3 million, subject to a first lien in favor Citizens National Bank in the amount of approximately $2.9 million, and Citizen National Bank has obtained a receivership in its process to foreclose and which receivership will be negated by this Chapter 11 filing.  Top of the World also has a second lien in favor of Citizens National Bank $302,000.00.

 **San Juan Hotel Contract**:  To add additional value to the conference center, and in fact to make it profitable to operate (it has not operated at a profit since opening) Cornerstone entered into a real estate purchase contract to acquire the San Juan Hotel, located on eight [8] acres, thus providing room for constructing a new hotel and retail shops,  located nearby the retreat, in close

proximity to allow the retreat to house up in up to 52 hotel rooms of guests. This ability to both house, feed and shuttle, retreat guests between the San Juan Hotel and the retreat will greatly improve the profitability. The Top of the World center will then be listed on a world-wide hospitality reservation system that will likewise greatly improve its value. The Cornerstone purchase contract for the San Juan Hotel includes an earnest money deposit made of $25,000.00 already paid, and an additional cash payment of $325,000.00 upon which owner-financing will be supplied in the amount of $975,000.00. Cornerstone estimates that it will require an additional $350,000.00 over the several months in repairs and improvements. Cornerstone expects to close and fund this sale with Bankruptcy Court approval within 90 days of the Petition Date.

**Miscellaneous Property**:

Cornerstone owns unimproved lots [Troy Hill and Pike's Peak lots] near the Colorado Springs airport valued at or near the $615,000.00 first mortgage in favor of Colorado National Bank [which note is now owned by the Great Southern Bank of Springfield, MO.]

Cornerstone also received a quit-claim deed to unimproved lots located Archuleta County, Colorado near Top of the World retreat, previously owned by Essex Corporation, and subject to a lien in favor of Pagosa Peak Realty in the approximate amount of $234,960. Cornerstone has never paid the loan, nor did it pay any of the down payment on the $380,000.00 original purchase price. It is believed that there is no equity in this property over and above the debt, and the Debtor will likely move to abandon its interest if Essex will indemnify the Debtor.

### III.    RELIEF REQUESTED

4.    The Debtor requests that the Court extend the time for the Debtor to file its (i) schedules of assets and liabilities, (ii) schedules of executory contracts and unexpired leases, and

(iii) statements of financial affairs (collectively, the "Schedules") by an additional 15 days, without prejudice to the Debtor's ability to request additional time should it become necessary.

5.      Bankruptcy Code section 521 and Bankruptcy Rule 1007 require the Debtor to file its Schedules within 14 days after the Petition Date.  Pursuant to Bankruptcy Rules 1007(c) and 9006(b) and Local Rule 1007-1(b), the time required for filing the Schedules may be extended "for cause."

**A.      Cause Exists to Extend the Time to File the Schedules**

6.      Due to the complexity and diversity of its operations, the Debtor anticipates that it will be unable to complete its Schedules in the 14 days provided under Bankruptcy Code section 521 and Bankruptcy Rule 1007.  To prepare its Schedules, the Debtor must compile information from books, records, and documents relating to numerous claims, assets, and contracts.  This information is voluminous and is located in multiple places throughout the Debtor's organization.  Collecting the necessary information requires the Debtor to expend an enormous amount of time and effort.

7.      While the Debtor is working diligently and expeditiously to prepare the Schedules, the Debtor's resources are limited.  In view of the amount of work entailed in completing the Schedules and the competing demands upon the Debtor's employees and professionals to assist in efforts to stabilize business operations during the initial post-petition period, the Debtor will not be able to properly and accurately complete the Schedules within the required 14 day time period.

8.      At present, the Debtor anticipates that they will require at least 15 additional days to complete its Schedules.  The Debtor therefore requests that the Court extend the 14-day period, which expires on June 11, 2010 by an additional 15 days, through and including June 28, 2010.

9.      This Court has authority to grant the requested extension under Bankruptcy Rule 1007(c), which provides that "any extension of time to file schedules, statements, and other documents required under this rule may be granted only on motion for cause shown and on notice to the United States trustee, any committee . . . trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c).

10.     The Debtor submits that the vast amount of information the Debtor must assemble and compile, the multiple places where the information is located, and the number of employee and professional hours required to complete the Schedules all constitute good and sufficient cause for granting the required extension of time.

## IV.   CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form filed herewith, (a) granting the Motion, and (b) granting such other and further relief as the Court deems appropriate.

Dated:  May 28, 2010.


Respectfully submitted,

**JORDAN, HYDEN, WOMBLE, CULBRETH & HOLZER, P.C.**

*/s/ Shelby A. Jordan*
Shelby A. Jordan (Texas Bar No. 11016700)
Nathaniel Peter Holzer (Texas Bar No. 00793971)
Harlin C. Womble (Texas Bar No. 21880300)
500 North Shoreline Boulevard, Suite 900
Corpus Christi, Texas 78471
Telephone:  361.884.5678
Facsimile:  361.888.5555
**PROPOSED ATTORNEYS FOR**
**CORNERSTONE AT GLENDALE, LLC**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served electronically and/or by U.S. First Class mail, postage prepaid to those parties shown on the attached service list May 28, 2010.

<u>/s/ Shelby A. Jordan</u>
Shelby A. Jordan

Bayside Capital, LLC
P. O. Box 5061
Carefree AZ 85377

United States Trustee
515 Rusk, Suite 3516
Houston TX 77002

Barbara C. Jue
U.S. Trustee
606 N. Carancahua, Suite 1107
Corpus Christi TX 78476

Internal Revenue Service
Centralized Insolvency Operations
P. O. Box 21126
Philadelphia PA 19114

Texas Workforce Commisson
Bankruptcy Unit, Room 556
101 E. 15th Street
Austin TX 78778-1001

Cameron County Tax Assessor
Tony Yzaguirre, Jr.
P. O. Box 952
Brownsville TX 78522

Cardenas Development
1603 E. Price Road
Brownsville TX 78521

Compass Bank
900 Conway
Mission TX 78572

First National Bank
100 W. Cano
Edinburg TX 78539

Point Isabel ISD Tax Office
101 Port Road
Port Isabel TX 78578

Texas Comptroller of Public Accounts
Revenue Acctg/Bankruptcy Section
P. O. Box 13528
Austin TX 78711

Texas General Land Office
P. O. Box 12873
Austin TX 78711

Archuleta County Tax Assessor
P. O. Box 1089
Pagosa Springs CO 81147

El Paso County Tax Assessor
27 E. Vermijo Ave., 2nd Floor
Colorado Springs CO 80903-2208

Zeev Tafel
c/o Thomas J. Huebner
P. O. Box 40154
South Padre Island TX 78597

5G Studio Collaborative
311 N. Market St. #230
Dallas TX 75202

Admiral Linen
2121` N. 77 Sunhine St.
Harlingen TX 78550

Bonnett, Fairbourne, Friedman & Balint, PC
2901 N. Central, Suie 1000
Phoenix AZ 85012

CTCR Solutions
1011 W. Harrison
Harlingen TX 78550

Franke Inc. Rentals
8605 Padre Blvd.
South Padre Island TX 78597

Freedman FoodSrv
Dept. 26, Box 1066
Houston TX 77251-1066

Humphreys & Partners
5339 Alpha Rd
Dallas TX 75240

Hunton & Williams
1445 Ross Ave., #3700
Dallas TX 75002-2799

Lamar Companies
P. O. Box 96030
Baton Rouge LA 70896

Marine Electric Service
P. O. Box 397
Port Isabel TX 78578

Marine Salvage & Services
Box 416
Port Isabel TX 78578

Nicho Produce Co.
P. O. Box 1136
Edinburg TX 78540

Oak Farms - San Antonio
P. O. Box 200349
Dallas TX 75230-0349

Port Isabel Press
Box 308
Port Isabel TX 78578

Roerig Oliviera & Fisher
855 W. Price Rd., #9
Brownsville TX 78520

Sysco San Antonio
P. O. Box 18364
San Antonio TX  78218

The Monitor
P. O. Box 3267
McAllen TX  78502

Hino Gas Sales, Inc.
P. O. Box 1910
Harlingen TX  78551

Terminex
8002 Westway Drive
Harlingen TX  78552

Diann M. Bartek
Cox Smith Matthews, Inc.
Suite 1800, 112 E. Pecan Street
San Antonio TX  78205-1521

Michael Massad
Winstead PC
5400 Renaissance Tower
1201 Elm Street
Dallas TX  75270

Andrew K. Rozell
Law Office of Andrew K. Rozell
323 E. Jackson Street
Harlingen TX  78550

Diane Sanders
Linebarger Goggan Blair Sampson
P.O. Box 17428
Austin TX  78760-7428

Kurt Stephen
Cardenas, Whitis & Stephen, LLP
100 South Bicentennial
McAllen TX  78501-7050

M. Andrew Stewart
Mullin Hoard & Brown, LLP
P.O. Box 2585
Lubbock TX  79408-2585

Steve  Turner
Barrett Daffin Frappier Turner & Engel LLP
610 West 5th Street, Suite 602
Austin TX  78701