UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN RE: ) CASE NO. 10-10330
BAYSIDE CAPITAL, LLC )
    DEBTOR ) CHAPTER 11

IN RE: )
CORNERSTONE AT GLENDALE )
LLC )
    DEBTOR ) JOINTLY ADMINISTERED

---

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON JUNE 23, 2010 AT 9:00 A.M. IN COURTROOM 9TH FLOOR, 1700 E. BUS. HWY 83, MCALLEN, TEXAS**

---

FIRST NATIONAL BANK'S
MOTION FOR RELIEF FROM AUTOMATIC STAY RE:
FIVE TRACTS OF REAL PROPERTY LOCATED IN THE TOWN OF SOUTH PADRE
ISLAND, CAMERON COUNTY, TEXAS AND PERSONAL PROPERTY

TO THE HONORABLE JUDGE OF SAID COURT:

First National Bank, a secured creditor in this case, moves for relief from the automatic stay of 11 USC §362 and shows the Court as follows:

1. <u>Jurisdiction</u>. The Court has jurisdiction pursuant to 28 USC §1334. This motion is a core proceeding as defined in 28 USC §157.

2. <u>Parties</u>. Movant is First National Bank (hereafter "FNB"), a secured creditor. Debtor is Bayside Capital, LLC, a limited liability company organized under the laws of the state of

Arizona.

3. <u>Claims and Collateral</u>.  FNB is the owner of the following-described claims against the Debtor:

    A.  Claim evidenced by promissory note dated July 25, 2007 in the original principal amount of $151,875.00 and extended by Modification and Extension Agreement dated February 28, 2009 in the renewed and extended amount of 155,665.88 (including principal and amounts advanced to pay ad valorem taxes).  The claim is secured by a deed of trust lien against real property described as:

> Lot Ten (10), Block Sixty (60), Padre Beach Subdivision, Section V, Town of South Padre Island, Cameron County, Texas according to the map thereof recorded in Volume 14, Page 68, Map Records of Cameron County, Texas.

As of May 4, 2010, the amount of the claim was $159,103.88;

    B.  Claim evidenced by promissory note dated September 13, 2007 in the original amount of $1,746,750.00 and extended by Modification and Extension Agreement dated February 28, 2009 in the renewed and extended amount of $1,789,375.41 (including principal and amounts advanced to pay ad valorem taxes.)  The claim is secured by a deed of trust lien against real property described as:

> Lot Number One (1), Block Number Forty-six (46,), Padre Beach Section IV, in the Town of South Padre Island, Cameron County, Texas according to the replat recorded in Cabinet I, Slot 2480-A, Map Records, Cameron County, Texas.

As of May 4, 2010 the amount of the claim was $1,822,007.16;

    C.  Claim evidenced by promissory note dated September 5, 2007 in the original amount of $4,005,250.00 and extended by Modification and Extension Agreement dated February 28, 2009 in the renewed and extended amount of $4,048,345.03 (including principal and amounts advanced to pay ad valorem taxes.)  The claim is secured by a deed of trust lien against real property described as follows:

> Tract I: Lot One (1), Blocks Fifty-One (51) and Fifty-two (52), Padre Beach Section IV, a subdivison of the town of South Padre Island, Cameron County, Texas according to the map or plat thereof recroded in Cabinet I, Slot 1610-B, Map Records, Cameron County, Texas;

> Tract II: Lot Eight (8), Block Fifty-seven (57), Padre Beach Subdivision, Section V, a subdivision in the town of South Padre Island, Cameron County, Texas, according to the map or plat thereof recorded in Volume 14, Page 68, Map Records, Cameron County, Texas.

As of May 4, 2010, the amount of the claim was $4,115,249.94

D. Claim evidenced by promissory note dated October 1, 2007 in the original principal amount of $735,250.00 and extended by Modification and Extension Agreement dated February 28, 2009 in the renewed and extended amount of $743,203.47 (including principal and amounts advanced to pay ad valorem taxes.) The claim is secured by a deed of trust lien against real property described as follows:

> Lots Five (5) and Six (6), Block Fifty-two (52), Padre Beach Section V, Town of South Padre Island, Cameron County, Texas according to map thereof recorded in Volume 14, Page 68, Map Records of Cameron County, Texas.

As of May 4, 2010 the amount of the claim was $756,220.70;

E. Claim evidenced by promissory note dated March 12, 2007 in the original principal amount of $5,921,750.00 and extended by Modification and Extension Agreement dated February 28, 2009 in the renewed and extended amount of $6,029,735.93 (including principal and amounts advanced to pay ad valorem taxes.) The claim is secured by a deed of trust lien against real property described as follows:

> Tract I.: Lots One (1) and Two (2), Three (3), Five (5), Six (6), Seven (7), Eight (8), and Nine (9), Block Forty-five (45), Padre Beach Section IV, a subdivision in the town of South Padre Island, Cameron County, Texas according to the map or plat thereof recorded in Volume 14, Page 52, Map Records, Cameron County, Texas;
>
> Tract II: Lot One (1) of the replat of Lots One (1), Two (2) and Three (3), Block Forty-four (44), Padre Beach Section IV, a subdivision in the Town of South Padre Island, Cameron County, Texas according to the map or plat thereof recorded in Cabinet I, Slot 1169-B, Map Records of Cameron County, Texas;
>
> Tract III: Lot Five (5), Block Fifty-one (51), Padre Beach Section IV, a subdivision in the town of South Padre Island, Cameron County, Texas according to the map or plat thereof recorded in Volume 14, Page 52, Map Records, Cameron County, Texas;
>
> Tract IV: Lots One (1), Two (2) and Three (3), Block Fifty-seven (57), and Lots Eleven (11) and Twelve (12), Block Sixty (60), Padre Beach Section V, a subdivision of the Town of South Padre Island, Cameron County, Texas according to the map or plat thereof recorded in Volume 14, Page 68, Map Records of Cameron County, Texas;
>
> Tract V: Lot One (1), Block Fourteen (14), Padre Beach Section II, a subdivision in the Town of South Padre Island, Cameron County, Texas, according to the map or plat thereof recorded in Volume 14, Page 31, Map Records of Cameron County, Texas.

The claim is further secured by a UCC security interest in all of the inventory, furniture and equipment used in the business currently known as Amberjack's Restaurant located at 209 W. Amberjack, South Padre Island, Texas and all after-acquired collateral of the same description.

As of May 4, 2010, the amount of the claim was $6,128,945.76.

F.  Each of the Notes, Deeds of Trust, Modification and Extension Agreements and Security Agreements described above were duly and properly authorized and executed by the Debtor and properly recorded in the appropriate recording office in Cameron County, Texas.  A UCC-1 Financing Statement covering the personal property collateral was properly filed in the appropriate recording office.

G.  As of May 4, 2010, the total cumulative amount of FNB's claims was $12,768,842.64.

H.  All of the claims are cross-collateralized (subject to certain subordination agreements described below.)

I.  All of the claims are further secured by Assignments of Rent and Leases.

J.  In addition to the property described above, FNB's claims against the Debtor are secured by liens against certain property belonging t Cornerstone at Glendale, LLC and South Padre Royal Palms, LLC.

4.  <u>Additional Indebtedness Secured by Property</u>.   In addition to the debts described in paragraph 3 above,  the liens described above secure certain debts of Cornerstone at Glendale, LLC and South Padre Royal Palms, LLC, both Debtors in cases pending before this Court.   The total amount of the Cornerstone  debt is $1,957,255.34.   The total amount of the South Padre Royal Palms debt is $2,656,666.77.   .

5. <u>Subordinate Claims and Liens</u>.

    A. <u> Cardenas Development Company, Inc</u>.  Movant is informed and believes that Cardenas Development Company, Inc. has a claim secured by the real property described in Paragraph 3C above.   Movant is informed that as of September 5, 2007 the amount of the Cardenas Development Company, Inc. loan was $1,824,750.00.   FNB has agreed to subordinate its cross-collateralization rights on the property securing  the Cardenas claim, except for the payment of the note described in paragraph 3C.

    B. <u>Zeev Tafel</u>.  Movant is informed and believes that Zeev Tafel has a claim secured by certain of the real property described above in the amount of approximately $500,000.00;.

    C. <u>BBVA Compass Bank</u>.  Movant is informed and believes that BBVA Compass Bank

has a claim secured by the personal property described in Paragraph 3E above.

6. Taxes. Movant is informed and believes that the 2009 taxes on all of the property described above have not been paid. Movant believes the 2009 taxes to be approximately $265,000.00. In addition, the 2010 taxes on the property, although not currently assessed, are a present liability of the Debtor. The taxing entities entitled to tax the property have liens prior to FNB's lien.

7. Value of Property. Movant is informed and believes, based upon an appraisal prepared in September, 2009, that the total value of the property described herein on which Movant asserts liens and security interests, does not exceed $14,120,000.00.

8. Potential Additional Collateral. The debts described in Paragraph 3 above are additionally secured by Deed of Trust liens against real property owned by Cornerstone at Glendale, LLC and South Padre Royal Palms, LLC.

8. Grounds for Relief from Stay:

    A. Movant would show the Court that, after subtracting all of the secured claims against the property described herein, the unpaid property taxes (for both 2009 and 2010) and reasonable costs associated with closing a sale of the property, there is no equity in the property described in this Motion and the property is not necessary for an effective reorganization;

    B. Alternatively, Movant would show the Court that Movant's interest in the property is not adequately protected for the following reasons:

        i. The property taxes continue to accrue penalties and interests. The lien securing such taxes is prior to FNB's liens and consequently, the accrual of tax penalties and interest impairs FNB's lien;

        ii. If there is an equity cushion in the property over and above the amount of tax liens, it is being eroded rapidly by accumulating interest and FNB may soon lose its right to receive interest on its claim;

        iii. Debtor has inadequate income to fund a plan and therefore the pendency of this case serves only to delay FNB's assertion of its remedies.

    .

9. Certificate of Conference. The undersigned certifies that he conferred with Debtor's attorney by email on May 26, 2010 and the matter could not be resolved.

10. Prayer. Movant prays that, after notice and a hearing, the Court lift the automatic stay of 11 USC §362 to permit Movant to foreclose its liens and security interest in the property

described in this Motion.

        Respectfully submitted,
        LAW OFFICE OF ANDREW K. ROZELL

By: */s/ Andrew K. Rozell*
    Andrew K. Rozell
    State Bar No. 17358000
    Southern District I.D. No. 1220
    Attorney for Movant First National Bank

ADDRESS:

LAW OFFICE OF ANDREW K. ROZELL
323 E. Jackson Street
Harlingen, TX 78550
956/428-1282
956/428-6595 (facsimile)

## CERTIFICATE OF SERVICE

I certify that on June 2, 2010 I served a true and correct copy of the foregoing motion on all persons listed on the Master Service List filed by Debtor on June 1, 2010.

        */s/Andrew K. Rozell*
        Andrew K. Rozell